Randall J. Colbert
Katelyn J. Hepburn
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
rhcolbert@garlington.com
kjhepburn@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS CROFT, MARY CROFT,<br><br>Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT |

State Farm Mutual Automobile Insurance Company ("State Farm Auto"), by and through counsel of record, Garlington, Lohn & Robinson, PLLP, brings this declaratory judgment action under 28 U.S.C. § 2201 alleging as follows:

2622063

1

## PARTIES

1. Plaintiff, State Farm Auto, is an Illinois corporation licensed to do business in Montana. State Farm Auto has its principal place of business in Bloomington, Illinois. As such, State Farm Auto is a resident and citizen of Illinois.

2. Upon information and belief, Defendant Lewis Croft is a resident and citizen of Lake County, Montana, currently residing in the Montana State Penitentiary in Deer Lodge, Montana.

3. Upon information and belief, Defendant Mary Croft is a resident and citizen of Lake County, Montana.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of citizenship between State Farm Auto and Defendants, and the amount in controversy, without interest and costs, exceeds $75,000.

5. Subject matter jurisdiction is alternatively based upon the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

6. Venue is proper in the Missoula Division of the District of Montana under 28 U.S.C. § 1391(b)(2), Local Rule 1.2(c)(5) because a substantial part of the events, acts, or omissions giving rise to this claim occurred within this District, and because the obligations under the relevant insurance contracts were to be performed in the District.

## BACKGROUND

7.     State Farm Auto issued automobile insurance policies to Defendants, Lewis and Mary Croft (collectively referred to as the "Crofts"), covering different vehicles at different points in time from 1994 through at least 2007.  Although State Farm Auto issued multiple policies, the same coverage issues identified below exist for each policy.  A certified copy of State Farm Auto policy 137 6198-C06-26G providing coverage for the Crofts from December 2004 to March 2005 is attached hereto as Exhibit 1.

8.     These State Farm Auto policies provided coverage, at certain points in time, for the following vehicles:

- 2000 Chevrolet Suburban Sport Wagon with VIN No. 3GNFK16T7YG132473;

- 2002 Saab 9-3 Convertible with VIN No. YS3DF78KX27003683;

- 2003 Chevrolet Avalanche Sport Wagon with VIN No. 3GNEK13T53G308414;

- 2009 Keystone Passport Trailer Traveler with VIN No. 4YDT2862296412068;

- 1990 Chevrolet K1500 Pickup with VIN No. 2GCEK19K7L1114273;

- 1999 Arctic Fox Trailer Traveler with VIN No. 4N11H2223X0108048;

- 2012 Honda CRV Sport Wagon with VIN No. 5J6RM4H79CL071893;

- 1983 Pontiac Parisienne Station Wagon with VIN No. 2G7AT35H0D1722511; and

- 1998 Wander Travel Trailer with VIN No. 4XTTN2028WC205132.

9. On January 16, 2018, Lewis Croft plead guilty to the crime of Sexual Intercourse without Consent in violation of Montana Code Annotated § 45-5-503(2) and the crime of Sexual Assault in violation of Montana Code Annotated § 45-5-502(3). The victims of these crimes were Lewis Croft's granddaughters referred to throughout these pleadings as K.B. and J.C.

10. On April 25, 2018, Lewis Croft was sentenced to 20 years in the Montana State Prison with 10 years suspended for these crimes.

## UNDERLYING ACTION

11. On August 14, 2017, K.B. and J.C. filed a civil Complaint and Demand for Jury Trial in Lake County, Montana, related to Lewis Croft's sexual assaults.

12. The original Underlying Complaint named only Lake County Public Health Department ("Department") as a Defendant. *See K.B., J.C v. Lake County Public Health Department*, Lake Cnty. Cause No. DV 17-184 ("Underlying Complaint"). The allegations were primarily based on Lake County's alleged failure to report Lewis Croft's sexual assaults to the Department of Health and Human Services.

13. The original Underlying Complaint alleged the following eight claims against the Department: Count I for failure to report; Count II negligence; Count

III vicarious liability; Count IV breach of contract; Count V negligent infliction of emotional distress; Count VI breach of fiduciary duty; Count VII breach of obligation of good faith and fair dealing; and Count VIII[1] violation of the Montana Consumer Protection Act.

14. On December 1, 2017, K.B. and J.C. filed a First Amended Complaint and Demand for Jury Trial to add Defendants "A.F." and "ABC Corporations I-XX" in addition to the Department.

15. Defendant "A.F." was identified in Paragraph 3 of the Amended Underlying Complaint as "a nurse practitioner employed by an unknown entity, and providing services through the Department."

16. The Amended Underlying Complaint contained the same eight causes of action asserted in the original Underlying Complaint, with the same factual allegations.

17. On March 21, 2018, K.B. and J.C. filed a Second Amended Complaint and Demand for Jury Trial. The Second Amended Complaint named only Tamarack Management Inc. and Does I-XX as Defendants, and alleged the same eight causes of action and factual basis as articulated in the prior two

---

[1] There are two claims identified as "Count VII" in the original Underlying Complaint. The claim for violation of the Montana Consumer Protection Act was erroneously numbered as the second "Count VII." This erroneous numbering carries throughout each amended version of the Underlying Complaint, but was corrected in the Third Amended Underlying Complaint.

2622063                                                                                       5

versions of the Underlying Complaint.

18. On June 26, 2018, the plaintiffs to the Underlying Action filed a Third Amended Complaint and Demand for Jury Trial. The Third Amended Complaint is the Operative Complaint in the Underlying Action, and is attached as Exhibit 2.

19. The Third Amended Complaint named additional plaintiffs to include K.B., J.C., their parents, William George Croft and Pamela Sandall, and their sister, Katie Croft.

20. Further, and for the first time, the Third Amended Complaint named Defendants, Lewis Croft and Mary Croft.

21. The Third Amended Complaint alleged the same eight causes of action and factual assertions that were set forth in prior versions of the Complaint, with the addition of Count IX for sexual assault against Lewis Croft and Mary Croft.

22. Count IX of the Third Amended Complaint is the only claim asserted against the Crofts in the Underlying Complaint and it specifically alleges:

- Lewis Croft knowingly subjected K.B. and J.C. to sexual contact and sexual intercourse without consent.

- Lewis Croft committed these acts while Mary Croft was present in the home, and Mary Croft facilitated Lewis Croft's abuse of K.B. and J.C.

- K.B. and J.C. and other plaintiffs named in the Underlying Action have suffered and will continue to suffer from injuries due to this childhood sexual abuse including emotional distress, psychological trauma, mental anguish, loss of enjoyment of life, loss of income, loss of capacity to earn income, and loss of proper and complete

education.

Ex. 2, ¶¶ 48-50.

23. The Third Amended Complaint alleges that the abuse of K.B. and J.C. by Lewis Croft occurred continuously between the years 1994-2005 and 2005-2007, respectively.

24. The abuse is alleged to have taken place in Lewis Croft's home, his car, garage, on camping trips, and at other locations.

25. Based on these allegations, the Crofts requested that State Farm Auto provide them with a defense in the Underlying Action under the terms of their State Farm Auto policies.

26. On August 30, 2018, State Farm Auto undertook the Crofts defense in the Underlying Action subject to a reservation of rights. State Farm Auto is presently providing a defense for the Crofts through separate legal counsel.

27. The State Farm Auto policies at issue only cover "accidents and losses that take place during the policy period." Ex. 1 at 6. Such accidents are only covered if they result from the "ownership, maintenance or use of" an insured's vehicle. Ex. 1 at 9.

28. Sexual assault, or the facilitation thereof, is an intentional act and any claims for harm caused by such intentional acts are not accidents and therefore are not covered under the State Farm Auto policies issued to the Crofts.

29. Other coverage issues, including, but not limited to, whether the

alleged harm arose from the ownership, maintenance or use of an insured's covered vehicle may also bar coverage.

**COUNT I: DECLARATORY JUDGMENT THAT STATE FARM AUTO OWES NO DUTY TO DEFEND LEWIS AND MARY CROFT IN THE UNDERLYING ACTION**

30. State Farm Auto reasserts the allegations contained in the previous paragraphs of the Complaint.

31. An insurer has a duty to defend when a complaint filed against its insured alleges facts representing a risk covered by the terms of the insurance policy. *Graber v. State Farm Fire & Cas. Co.*, 244 Mont. 265, 270, 797 P.2d 214, 217 (1990).

32. Unless there exists an unequivocal demonstration that the claim against an insured does not fall within the insurance policy's coverage, an insurer has a duty to defend. *Farmers Union Mutual Ins. Co. v. Staples*, 2004 MT 108, ¶ 22, 321 Mont. 99, 90 P.3d 381.

33. State Farm Auto unequivocally demonstrates, by comparing the allegations of the Underlying Action to the terms of the State Farm Auto policies at issue, that the Third Amended Complaint filed against its insureds, Mary and Lewis Croft, falls outside the insurance policy's coverage because the Third Amended Complaint alleges sexual assault and the facilitation thereof, which are intentional acts that are not covered under the auto policies at issue.

34. Other policy provisions may also preclude the duty to defend.

35. State Farm Auto is entitled to a declaration that State Farm Auto owes no duty to defend Mary and Lewis Croft in the Underlying Action under the terms of the auto policies at issue.

**COUNT II: DECLARATORY JUDGMENT THAT STATE FARM AUTO OWES NO DUTY TO INDEMNIFY MARY AND LEWIS CROFT IN THE UNDERLYING ACTION**

36. State Farm Auto reasserts the allegations contained in the previous paragraphs of the Complaint.

37. An insurer's duty to indemnify is narrower than the duty to defend. The duty to indemnify arises only if coverage under the auto policies at issue here is actually established. *State Farm Fire & Cas. Co. v. Schwan*, 2013 MT 216, ¶ 15, 371 Mont. 192, 308 P.3d 48.

38. Mary and Lewis Croft cannot establish that coverage exists for the allegations in the Underlying Action because the Third Amended Complaint alleges sexual assault and the facilitation thereof, which are intentional acts that are not covered under the auto policies at issue.

39. Other policy provisions may apply to preclude coverage for the Underlying Action.

40. State Farm Auto is entitled to a declaration that State Farm Auto owes no duty to indemnify Mary and Lewis Croft in the Underlying Action under the terms of the auto policies at issue.

## RELIEF REQUESTED

State Farm Auto respectfully requests that this Court enter judgment and issue a declaration:

1. That State Farm Auto has no duty to defend the Crofts in the Underlying Action under the State Farm Auto policies at issue;

2. That State Farm Auto has no duty to indemnify the Crofts in the Underlying Action under the State Farm Auto policies at issue;

3. That State Farm Auto is entitled to withdraw from participating in the defense of the Crofts in the Underlying Action;

4. That the parties are bound to the terms of any declaration and order issued by this Court; and

5. For such other and further relief deemed just and proper by the court.

DATED this 7th day of March, 2019.

/s/ Randall J. Colbert
Attorneys for Plaintiff